United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRATCHI ROY,<br>Plaintiff,<br>v.<br>CHARLES LIANG, et al.,<br>Defendants. | Case No. 26-cv-08757-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL**<br><br>Re: Dkt. No. 2 |

Plaintiff Pratchi Roy brings this shareholder derivative action against Defendants, who held various Board-level positions in the company Super Micro Computer, Inc. ("Super Micro"). (Dkt. No. 1.)[1] Pending before the Court is Plaintiff's administrative motion to seal portions of the complaint. (Dkt. No. 2.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (cleaned up).

A request to seal may be supported by compelling reasons if the documents or portions of

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

documents at issue are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Nixon*, 435 U.S. at 598. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" can be "compelling reasons" to prevent competitors from leveraging this information to harm the designating parties in future negotiations. *See Exeltis USA Inc. v. First Databank, Inc.* 2020 WL 2838812, at *1 (N.D. Cal. 2020) (citation omitted); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. 2017). If publicly disclosing that information would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations, compelling reasons may exist to seal that information. *See FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

Additionally, sealing is governed by this District's Civil Local Rule 79-5, under which sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *See* N.D. Cal. Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[ ]" their requests only to the sealable material. *Id.* L.R. 79-5(c)(3).

Here, as the "compelling reason" to seal, Plaintiff asserts the redacted portions of the complaint "quote or otherwise refer to non-public, confidential documents that reflect" Super Micro's "confidential business information." (Dkt. No. 2 at 5.) Plaintiff requested these documents from Super Micro under Delaware law, then Super Micro produced them pursuant to a confidentiality agreement and designated the redacted information as "confidential." (Dkt. No. 2-1 ¶¶ 3, 4.) In its statement in support of sealing, Super Micro reiterates the redacted portions to complaint are "competitively-sensitive business information, including Board-level discussions and materials about Supermicro's (1) business strategy and operations, (2) financial and

United States District Court
Northern District of California

accounting information, and (3) personal information about non-parties." (Dkt. No. 17 at 4.)

Neither party has overcome the "strong presumption of access" with "compelling reasons" that support sealing. *Kamanaka*, 447 F.3d at 1178–79 (cleaned up). The bulk of the proposed redactions–the entirety of paragraphs 188-251–comprise the entire section of the complaint alleging "[t]he Individual Defendants' Knowledge." (Dkt. No. 1 ¶¶ 188-251.) Broadly speaking, these paragraphs allege the topics discussed at meetings by members of Super Micro's Board of Directors and committees tasked with investigating the company's misconduct. (*See generally* Dkt. No. 2-3 ¶¶ 188-251.) These paragraphs allege the topics of discussion at a high level of generality and do not appear to allege, for example, detailed regulatory or litigation analyses. Other proposed redactions are to portions of the complaint describing Super Micro's decision to rehire Defendant Liaw, a co-founder of the company. (*See* Dkt. No. 2-3 ¶¶ 87-89.) The Court does not find there are compelling reasons to redact this information because the parties have not explained why this information is confidential or why its disclosure would harm Super Micro's competitive standing in ways similar to how a company would be harmed by disclosing trade secrets, contract negotiations, license agreements, and the like.

And to the extent there are compelling reasons to seal here, those reasons are not "supported by specific factual findings." *Kamanaka*, 447 F.3d at 1178–79 (cleaned up). Neither side has produced evidence showing that the redacted information is actually confidential or showing the information's disclosure would harm Super Micro's competitive standing. Plaintiff's counsel's declaration merely establishes Super Micro "designated" the information as confidential, and Defendant's counsel's declaration reiterates the conclusory statement the "proposed redaction reflects confidential and sensitive business information to which [Plaintiff's counsel] has attested in his Declaration." (Dkt. No. 2-1 ¶ 4; Dkt. No. 17-1 ¶ 4.) Merely designating then describing information as confidential is insufficient to make the "specific factual findings" necessary for sealing. *Kamanaka*, 447 F.3d at 1178–79 (cleaned up).

Accordingly, the Court denies Plaintiff's motion to seal.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

Dated: September 14, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California